IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| AMY J. SHAFFER, | CV-09-130-BLG-RFC |
| Plaintiff, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendants. | |

On April 23, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court grant the Commissioner's Motion for Summary Judgment and deny Shaffer's Motion for Summary Judgment.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the April 23, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

1

1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9 Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

> 1. The claimant must first show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.
>
> 2. If not so engaged, the claimant must next show that he or she has a severe impairment. *Id.*
>
> 3. The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1

2

(hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.

4. If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id.* "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id.* at 1098-1099.

5. If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform. *Id.* The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Id.* If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits. *Id.*

The ALJ followed the five step sequential evaluation process when assessing Shaffer's claims. First, the ALJ found that Shaffer had not engaged in substantial gainful employment since her amended alleged onset date in March 2003. A.R. at 36.

Second, the ALJ found that Shaffer had the following severe impairments: bipolar disorder, anxiety disorder, obesity, sleep apnea, gastroesophageal reflux disease, coronary artery disease (single vessel disease with collateral circulation), and hypothyroidism. (Finding No. 3). The ALJ further found that the record did not establish impairment with respect to: hypertension, seasonal allergies, bilateral heel spurs, back disorder, arthritis, and asthma.

Third, the ALJ found that Shaffer's impairments do not meet or medically equal any impairment in the Listing of Impairments. (Finding No. 4).

Fourth, the ALJ found that Shaffer has the residual functional capacity ("RFC") to:

> [P]erform work that does require exertion above the medium level: She is able to occasionally (once or twice) lift/carry 50 pounds and frequently lift/carry up to 25 pounds. She is unlimited in her ability to sit, stand/walk, push/pull, handle (gross manipulation) and finger (fine manipulation). There are no communicative, visual or environmental limitations. She has the mental residual functional capacity to work with the public, co-workers, and supervisors but needs to be a low stress work environment as a result of her impairments and symptoms.

A.R. at 39 (Finding No. 5).

The ALJ also found that Shaffer is unable to perform any past relevant work. (Finding No. 6).

Finally, at step five, the ALJ found that Shaffer could perform other jobs existing in significant numbers in the national economy, such as vehicle cleaner,

4

hotel cleaner, car wash attendant, document preparer, or addresser. (Finding No. 10). Consequently, a finding of not disabled was entered.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety. There is substantial evidence in the record to support the ALJ's decision and the ALJ's decision is not based on legal error.

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's Motion for Summary Judgment (*Doc. 17*) is GRANTED and Shaffer's Motion for Summary Judgment (*Doc. 14*) is DENIED.

The Clerk of Court is directed to enter Judgment in this matter in favor of the Commissioner and close this matter accordingly. The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 21st day of June, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE